Matter of Rumizen (2019 NY Slip Op 09231)





Matter of Rumizen


2019 NY Slip Op 09231


Decided on December 20, 2019


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ. (Filed Dec. 20, 2019.)


&em;

[*1]MATTER OF SCOTT ANDREW RUMIZEN, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law in New York by this Court on June 29, 1995. His attorney registration information on file with the Office of Court Administration indicates that his business address is located in Ohio. In August 2019, the Grievance Committee filed with this Court proof that, by order dated June 27, 2019, the Supreme Court of Ohio suspended respondent from the practice of law for a period of two years, with 18 months stayed upon respondent's compliance with certain conditions, including that he continue to participate in mental health treatment and that he refrain from engaging in additional misconduct. The Ohio suspension was imposed after a hearing in which it was found that respondent engaged in a lengthy course of misconduct involving dishonesty and deceit whereby he purposefully underpaid another attorney with whom he had a fee-sharing arrangement (see Matter of Rumizen , 156 Ohio St 3d 575, 575-576, 130 NE3d 283, 284-285 [2019]).
Upon receipt of the submission of the Grievance Committee, this Court entered an order on September 10, 2019, directing respondent to appear on December 3, 2019, and to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1240.13 based on the misconduct underlying his suspension in Ohio. Although respondent accepted service of the show cause order in October 2019, he thereafter failed to file a written response or to appear on the return date.
Pursuant to 22 NYCRR 1240.13, this Court may discipline an attorney for misconduct underlying discipline imposed in another jurisdiction unless we find "that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust" (22 NYCRR 1240.13 [c]).
In this matter, respondent has failed to raise any factor that would preclude the imposition of reciprocal discipline and has not submitted any mitigating factors for consideration by this Court. Accordingly, we conclude that respondent should be suspended from the practice of law in New York for a period of two years, effective immediately and until further order of this Court, with leave to apply to this Court to stay the suspension after a period of six months from the effective date and upon a showing that his suspension in Ohio has been stayed and that he is complying with the conditions imposed by the Ohio Supreme Court. We further direct that any application filed by respondent for reinstatement to the practice of law in New York pursuant to 22 NYCRR 1240.16 must include proof that he has been reinstated to the practice of law in Ohio.